**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-01873-DDD-KLM

JACOB KNIGHT, JACK CRIBBS, and JASON DOHSE, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.

WATA, INC., and COLLECTORS UNIVERSE, INC.,

    Defendants.

**DEFENDANT COLLECTORS UNIVERSE, INC.'S MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT AND SUPPORTING**
**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

In its contemporaneously-filed Motion to Dismiss, Defendant Wata, Inc. ("Wata") explains why Plaintiffs' Second Amended Complaint ("SAC") fails to state any viable causes of action. To be sure, those same arguments about Plaintiffs' pleading defects apply equally to Defendant Collectors Universe, Inc. ("Collectors Universe"). But Collectors Universe files this separate Motion to Dismiss because it should have never been dragged into this lawsuit in the first place. Collectors Universe's sole connection to this case is that, toward the end of the relevant time period, Collectors Universe purchased Wata.[1] There is no dispute about it: Plaintiffs have already

---

[1] Plaintiffs' alleged class period begins on May 10, 2019 (SAC ¶ 111), but Collectors Universe did not purchase Wata until July 2021 (SAC ¶¶ 14, 52).

1

admitted in this case that Collectors Universe "has no connection whatsoever to any of the transactions or claims until it purchased Wata in July of 2021." (Dkt. 25 at 14).

Even after that acquisition, however, Plaintiffs' claims against Collectors Universe begin and end with the sole and unremarkable allegation that Collectors Universe became Wata's parent company. (*See* SAC ¶¶ 3, 57). But the law doesn't allow Collectors Universe to be held liable for Wata's conduct merely by virtue of being its parent company. That would ignore that these corporations are two separate legal entities. *See Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir. 1990) ("The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities."). Plaintiffs instead must allege actionable conduct by Collectors Universe itself. They don't. Nor could they: Collectors Universe did not sell any goods or provide any services to Plaintiffs.

Plaintiffs' express allegations confirm that they purchased the video game grading services from Wata (not Collectors Universe), and that it was Wata's (not Collectors Universe's) failure to meet the "turnaround estimates" published on Wata's (not Collectors Universe's) website that underlies Plaintiffs' claims. (*See* SAC ¶¶ 11-13 (identifying named Plaintiffs as purchasers of "Wata's encapsulation and grading services"); SAC ¶¶ 24-28 (describing services provided by Wata); SAC ¶ 28 (alleging "Wata has consistently been unable to meet its own [turnaround] estimates by large margins"); SAC ¶ 111 (defining proposed class as individuals "who directly purchased encapsulation and video game grading services from Wata, Inc.")).

Separately analyzing each of the SAC's causes of action underscores the problem. Plaintiffs' fraud and consumer protection claims do not reference a single alleged fraudulent representation or omission that was specifically made by Collectors Universe, as opposed to Wata.

2

(*See* SAC ¶¶ 139-181, 194-201). Plaintiffs' breach of contract claims are premised on an agreement between themselves and Wata—not Collectors Universe. (*See* SAC ¶¶ 182-193). And their RICO claim does not even name Collectors Universe as a member of the RICO enterprise, much less allege that Collectors Universe itself committed any RICO predicate acts. (*See* SAC ¶¶ 121-138).

Collectors Universe does not belong in this case. Based on their own allegations, Plaintiffs' quarrel is with Wata, not its parent company. As detailed further below, the Court should dismiss all of Plaintiffs' claims against Collectors Universe ***with prejudice***.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 762 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For fraud-based claims, the allegations must meet a more exacting pleading standard, including to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). That means Plaintiffs "must set forth the who, what, when, where and how of the alleged fraud" to survive a motion to dismiss. *Mbaku v. Bank of Am.*, 628 F. App'x 968, 975 (10th Cir. 2015) (internal quotation marks omitted).

## III.   ARGUMENT

### A. Collectors Universe Cannot Be Held Liable for Wata's Conduct.

Wata and Collectors Universe are distinct legal entities. Plaintiffs concede as much in the SAC, alleging that Wata is a "Colorado Corporation" and Collectors Universe is a "Delaware Corporation." (SAC ¶¶ 14, 16). Plaintiffs also correctly allege that Collectors Universe is Wata's

3

parent company, which in and of itself is a concession that they are legally distinct entities. (*See* SAC ¶¶ 3, 57). Because they are distinct entities, Collectors Universe cannot be held liable for Wata's conduct. *See Skidmore, Owings & Merrill v. Can. Life Assurance Co.*, 907 F.2d 1026, 1027 (10th Cir. 1990) (per curiam) (highlighting that "[a]bsent circumstances justifying disregard of the corporate form, a parent company is treated as a legal entity separate from the subsidiary."); *see also Brannon v. Boatmen's First Nat'l Bank*, 153 F.3d 1144, 1146-49 (10th Cir. 1998) (affirming dismissal of RICO claim against parent corporation and its subsidiary because, although the complaint alleged that the subsidiary engaged in mail fraud, plaintiffs "allege[d] no activity on the part of [the parent] that might reasonably be understood to implicate it in the scheme attributed to [the subsidiary]"). Indeed, "[t]he law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities." *Cascade Energy*, 896 F.2d at 1576. Accordingly, Plaintiffs must submit plausible allegations sufficient to state each element of each of their claims with reference to conduct by Collectors Universe.[2] They failed to do so.

### B. Each Count of the SAC Fails to State a Claim Against Collectors Universe.

Plaintiffs do not allege *any* misconduct that Collectors Universe committed separate and apart from Wata. (*See generally* SAC; *see also* C.D. Cal. Dkt. 25 at 14 (admitting that Collectors Universe "has no connection whatsoever to any of the transactions or claims until it purchased Wata in July of 2021")). In fact, the only act Plaintiffs allege about Collectors Universe

---

[2] Plaintiffs cannot save their claims against Collectors Universe by resorting to the "drastic remedy" of piercing the corporate veil because they have not attempted to allege—much less actually alleged—any facts supporting that theory. *See Skidmore*, 907 F.2d at 1027; *Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1262-63 (10th Cir. 1989) (detailing ten factors that would be required to set aside the corporate form under Colorado law).

specifically is that it purchased Wata in July 2021.  (SAC ¶¶ 4, 14, 52).  None of Plaintiffs' claims relate to any alleged wrongdoing in connection with that sale.  And, in any event, the July 2021 acquisition occurred ***three months*** after Plaintiff Cribbs purchased services from Wata and ***one year*** after Plaintiff Knight made his Wata purchase.  (*See* SAC ¶¶ 72, 77).  Given this dearth of allegations against Collectors Universe, Plaintiffs failed to plausibly allege any of their causes of action against Collectors Universe.

### 1. *Plaintiffs Fail to Plead a Single Element of RICO Against Collectors Universe (Count I).*

To establish a civil RICO claim, a plaintiff must allege:  "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (5) causing injury to plaintiff's business or property."  *Indianapolis Hotel Inv'rs v. Aircoa Equity Ints.*, 733 F. Supp. 1406, 1409 (D. Colo. 1990).  Plaintiffs do not even attempt to allege any of those elements against Collectors Universe.

Despite claiming that they are asserting a RICO claim against "All Defendants," Plaintiffs do not allege that Collectors Universe is a "Culpable Person" or part of the alleged RICO "enterprise."  (*See* SAC ¶¶ 122-123 (alleging that culpable persons and enterprise members were "Wata, Deniz Khan, Kenneth Thrower, Heritage Auctions, and James Halperin")).  Plaintiffs must also allege with "particularity" a pattern of racketeering activity comprised of two or more predicate acts of mail or wire fraud to survive a motion to dismiss.  *Smith v. Figa*, 69 F. App'x 922, 925 (10th Cir. 2003); *Fletcher v. Williams*, No. 21-cv-02125-PAB-NRN, 2022 U.S. Dist. LEXIS 140727, at *17 (D. Colo. Aug. 8, 2022).  But Plaintiffs don't allege with any particularity even a single predicate act that Collectors Universe committed, so their RICO claims should be dismissed on that basis alone.  *See Brannon*, 153 F.3d at 1149 (dismissing claim against parent

5

company because "[i]t is insufficient . . . merely to assert that a defendant corporation accused of racketeering is a subsidiary and therefore automatically conducts the affairs of its parent").

Finally, Plaintiffs can't sidestep the problem and save their RICO claim by generically referencing "Defendants"—defined as both Wata and Collectors Universe—in their RICO allegations, as "[t]he lumping together of defendants in allegations of fact is impermissible under the requirement that a RICO claim be pleaded with particularity." *Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1305 (D. Colo. 1998). Because Plaintiffs do not plead any, much less all, of the required RICO elements, Plaintiffs' RICO claim against Collectors Universe should be dismissed.

### 2. Plaintiffs Do Not Allege Any Fraudulent Conduct by Collectors Universe (Counts II-VI and IX).

Plaintiffs' threadbare allegations in support of their fraud and fraud-based statutory claims fail to meet Rule 12's plausibility standard, and they cannot meet Rule 9's heightened pleading standard. A fraudulent misrepresentation, omission, or other similar form of unlawful or unfair conduct is a required element for each of the claims asserted in Counts II-VI and IX of the SAC. *See Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-cv-n0191-AJB-KSC, 2021 U.S. Dist. LEXIS 59805, at *19-20 (S.D. Cal. Mar. 29, 2021); Cal. Bus. & Prof. Code § 17200 (UCL); *Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005); Cal Bus. & Prof. Code § 17500 (FAL); Cal. Civ. Code § 1770 (CLRA); *Rhino Linings United States v. Rocky Mt. Rhino Lining*, 62 P.3d 142, 147 (Colo. 2003); C.R.S. § 6-1-105 (CCPA); *Eckley v. Colo. Real Estate Comm'n*, 752 P.2d 68, 78 (Colo. 1988) (Nondisclosure); *Lowry v. Bringhurst*, No. 2017CV4, 2019 Colo. Dist. LEXIS 139, at *8 (D. Colo. Feb. 4, 2019) (intentional misrepresentation). To satisfy this requirement, Plaintiffs "must state with particularity the

circumstances constituting fraud or mistake" (Fed. R. Civ. P. 9(b)), including "the *who*, *what*, *when*, *where* and *how*" of the alleged fraud.  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006) (emphasis added) (internal quotation marks omitted).

And yet Plaintiffs have utterly failed to identify any misrepresentation or other fraudulent act made by Collectors Universe.  Plaintiffs instead allege that "Defendants" generally made misrepresentations, but elsewhere in the SAC Plaintiffs make clear that it was "Wata's website" where the alleged representations were made regarding "turnaround estimates," Wata's executives who made the public statements at issue, and Wata who ultimately sold and performed the video game grading and encapsulation services at issue in this lawsuit.  (SAC ¶¶ 11-13, 22-43, 50-56, 70, 72, 77, 96).  Because a fraudulent or deceptive act (pleaded with particularity) is a necessary element, Counts II-VI and IX against Collectors Universe should be dismissed.

### 3. *Plaintiffs' Contract Claims Against Collectors Universe Fail Because They Did Not Enter into a Contract with Collectors Universe (Counts VII, VIII).*

Plaintiffs fail to allege the most basic element of claims for breach of contract or breach of the implied covenant of good faith and fair dealing against Collectors Universe:  "the existence of a contract."  *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (detailing elements of Colorado breach of contract claim); *Hathaway v. Dan*, No. 1:18-cv-0273-RM-MEH, 2019 U.S. Dist. LEXIS 45939, at *19 (D. Colo. Mar. 20, 2019) (dismissing Plaintiffs' breach of contract and implied duty of good faith and fair dealing claims because "where there is no contract, there is no breach of the implied duty of good faith and fair dealing").  Plaintiffs contend that they purchased grading and encapsulation services from Wata by accessing Wata's website.  (SAC ¶¶ 24, 27-28, 51, 70, 77, 111, 117, 158, 164-165, 178-179, 184, 186).  Plaintiffs don't allege that they entered

7

into any transaction whatsoever with Collectors Universe.  In fact, Plaintiffs allege that two of the three Plaintiffs purchased services from Wata *months before* Collectors Universe even acquired Wata in July 2021.  (*See* SAC ¶¶ 72 (Plaintiff Knight placed an order with Wata over a year before Collectors Universe acquired Wata); SAC ¶ 77 (Plaintiff Cribbs placed an order with Wata three months before the acquisition)).  Because Plaintiffs do not allege the existence of any contract between themselves and Collectors Universe, they cannot assert contract claims against them.

## IV. CONCLUSION

For the foregoing reasons, Collectors Universe respectfully requests that the Court dismiss all claims against it in Plaintiffs' SAC *with prejudice*.

Respectfully submitted this 16th day of September, 2022.

> */s/* Jason Rottner
> **Jason Rottner**
> Jonathan D. Parente
> Alston & Bird, LLP
> 1201 West Peachtree Street
> Atlanta, Georgia 30309-3424
> Telephone: (404) 881-4527
> Fax: 404-881-7777
> E-mail: jason.rottner@alston.com
>         jonathan.parente@alston.com
>
> Christopher H. Toll
> Alexandria E. Pierce
> HOLLAND & HART LLP
> 555 17th Street, Ste. 3200
> Denver, Colorado 80202
> Telephone: (303) 295-8000
> E-mail:ctoll@hollandhart.com
>         aepierce@hollandhart.com
>
> *Attorneys for Defendants Wata, Inc. and Collectors Universe, Inc.*

## CERTIFICATION OF COMPLIANCE WITH JUDGE DOMENICO'S PRACTICE STANDARDS

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). The parties also met and conferred in compliance with Judge Domenico's Practice Standard III(D)(1) on September 6, 2022, but were unable to resolve the issues raised in this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing DEFENDANT COLLECTORS UNIVERSE'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW with the Court's CM/ECF system, which will automatically serve a copy upon all counsel of record.

This 16th day of September, 2022.

/s/ Alexandria E. Pierce
Alexandria E. Pierce
HOLLAND & HART LLP
555 17th Street, Ste. 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
E-mail: aepierce@hollandhart.com

*Attorney for Defendants Wata, Inc. and Collectors Universe, Inc.*