IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01873-DDD-KLM

JACOB KNIGHT, JACK CRIBBS, and JASON DOHSE, individually
and on behalf of all others similarly situated,

   Plaintiffs,

v.

WATA, INC., and COLLECTORS UNIVERSE, INC.,

   Defendants.

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

THIS COURT is advised that the parties in this action have sought and may in the future seek discovery of information and documents that the disclosing party deems to constitute, contain or reveal "Confidential Information," as that term is defined herein below. Therefore, in order to facilitate and expedite the discovery of Confidential Information, the parties and their respective counsel have agreed that such discovery will be subject to this Stipulated Protective Order ("Order"), hereby entered pursuant to Fed. R. Civ. P. 26(c).

IT IS HEREBY AGREED AND ORDERED:

1. <u>Definitions</u>. The following definitions shall apply:

    (a) The word "Litigation" means the above-captioned case.

    (b) "Discoverable Matter" means all information, documents and other tangible things that are discoverable in the Litigation, in any form or format, including, but not limited to, interrogatory answers; requests to admit and

responses thereto; documents and tangible things produced in this Litigation by any party, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement; deposition testimony, transcripts thereof and exhibits thereto; and any quotation from, description of, or summary of any of the foregoing.

(c) "Confidential Information" means all Discoverable Matter that meets the following criteria:

(i) The Discoverable Matter constitutes, contains or reveals any confidential or financial information, or other information relating to any business or personal information of any party, in any form or format;

(ii) The party designating the Discoverable Matter as confidential (the "Designating Party") believes in good faith that the Discoverable Matter (i) is confidential, commercially sensitive, private personal information and/or proprietary information, (ii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) would likely cause competitive, commercial, or financial injury if disclosed beyond those defined as "Qualified Person(s)" in Paragraph 1(d) below); and

(iii) The Discoverable Matter is designated as confidential pursuant to Paragraph 2, below.

2

  (d) "Qualified Person" means individuals permitted to receive and review Confidential Information. Qualified Person(s) consist of:

    (i) The parties;

    (ii) Each party's respective undersigned counsel of record in the Litigation, and associate attorneys, paralegals, clerical employees, and contracted third party vendors associated with them who have a need to know the Confidential Information for purposes of prosecuting or defending the Litigation;

    (iii) Any expert witness or consultant (as that term is used in Fed. R. Civ. P. 26(b)(4)(B)) retained by any party in the Litigation who has a need to know the Confidential Information;

    (iv) The Court, including the District Court Judge assigned to the Litigation, and law clerks, secretaries and clerical employees associated with the Judge who have a need to know the Confidential Information;

    (v) Mediators or settlement officers and their supporting personal, as mutually agreed by the parties or ordered by the Court;

    (vi) The author or recipient of the document, except if the author or recipient is a former employee of Wata or Collectors Universe, such individual must first sign Exhibit A attached hereto prior to receiving or reviewing Confidential Information; and

    (vii) Such other persons agreed to by counsel for the parties, who sign Exhibit A attached hereto.

2. <u>Designating Confidential Information</u>. The Designating Party may designate Discoverable Matter as confidential by placing the word "CONFIDENTIAL" on each document (including written discovery responses) or tangible thing constituting, containing or revealing Confidential Information; by indicating on the record those portions of deposition testimony that contain, constitute or reveal Confidential Information; and by such other reasonable means as the parties may agree or as the Court may order. The Designating Party may only designate material as "CONFIDENTIAL" that it believes in good faith warrant that designation. The Designating Party may not indiscriminately apply mass "CONFIDENTIAL" designations to its document productions. Any party may designate portions of deposition testimony and transcripts as "Confidential" by advising opposing counsel in writing within thirty (30) days after the transcript has been received and specifying the testimony being designated confidential by page and line number(s). Until the expiration of such thirty (30) day period, all testimony given in the deposition shall be treated as if confidential under the Stipulated Protective Order, after which only the portions specifically designated "Confidential" pursuant to the first sentence of this paragraph shall be so treated. All Discoverable Matter designated as "CONFIDENTIAL" shall be subject to this Order unless and until the parties otherwise agree or the Court otherwise orders.

3. <u>Use of Confidential Information</u>. Each Qualified Person given access to any Confidential Information shall maintain the Confidential Information in strict confidence and shall not disclose the Confidential Information to any other person, firm or enterprise, except another Qualified Person or as otherwise permitted in this Order, and shall not use any Confidential Information for his, her or its own purposes or for any purpose other than proper use of the Confidential Information in this Litigation, subject to this Order.

4. <u>Filing Confidential Information</u>. Unless otherwise agreed by the Designating Party or a Court Order secured after appropriate notice to all interested parties, all Confidential Information filed with the Court, and all pleadings, motions, or other papers filed with the Court disclosing any Confidential Information, shall be filed pursuant to the specific procedures set forth in D.C.COLO.LCivR 7.2(C), with an accompanying motion to restrict public access and a designation of the level of restriction sought. A document subject to a motion to restrict shall be filed as a restricted document and shall be subject to restriction until the motion is determined by the Court. If party filing the Confidential Information is not also the Designating Party, the filing party must file the document(s) containing Confidential Information as a restricted document. In such a circumstance, however, the filing party may elect to file without an accompanying motion to restrict, which will then place the burden of filing a motion to restrict on the Designating Party. If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain Level 1 restriction for fourteen (14) days. If no motion to restrict is filed prior to the expiration of such time period, the restriction shall expire and the document shall be open to public inspection.

5. <u>Court Proceedings</u>. Confidential Information may be offered in evidence at trial or any court hearing and nothing in this Protective Order shall affect the admissibility of Confidential Information. Any party may move the Court for an Order that evidence used at a hearing be received *in camera* or subject to other conditions to prevent unnecessary disclosure. Discoverable Matter designated as confidential shall not lose its status as Confidential Information because it is used in any court proceeding herein, unless the confidential status of such Confidential Information is expressly waived by a party or its counsel in open court, or upon order of the Court. The Parties

5

shall meet and confer regarding the procedures for use of Confidential Information at trial and shall move the Court for entry of an appropriate order.

      6.    <u>Contested Designations</u>.  The parties will use reasonable care when designating documents or information as "CONFIDENTIAL."  Nothing in this Order shall prevent a party from contending that any or all documents or information designated as Confidential Information have been improperly designated.  A receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any document or information contained therein.  Such a challenge shall be provided in writing to counsel for the Designating Party and all other parties in the litigation and shall identify with particularity the documents or information that the receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, pursuant to the Federal Rules of Civil Procedure, the receiving Party shall make an appropriate motion, pursuant to Magistrate Judge Mix's discovery procedures, requesting that the Court determine whether the disputed information has been properly designated as "CONFIDENTIAL."  The Designating Party shall have the burden of proving the propriety of any challenged designation.  A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time of the designation, and a failure to do so shall not preclude a subsequent challenge thereto.  The prevailing party in any dispute regarding the propriety of a designation of Confidential Information may seek monetary sanctions, including but not limited to attorneys' fees, and a determination of the appropriateness and amount of such fees shall be made by Magistrate Judge Mix.

7. <u>Inadvertent Failure to Designate.</u>  An inadvertent failure to designate Discoverable Matter as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Designating Party may notify the receiving Party in writing that the material is to be designated as "CONFIDENTIAL."  Upon receipt of such notice, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.

8. <u>Subpoenas of Protected Material</u>.  If any party becomes required by law or order of a court or governmental entity to disclose any Confidential Information that has been produced to it under the terms of this Order, such party will reasonably notify the other party in writing, so that the Designating Party has an opportunity to prevent or restrict such disclosure.  If the Designating Party indicates that it intends to seek a protective order or other protection limiting the disclosure, the party required to disclose Confidential Information shall use reasonable efforts to maintain the confidentiality of such Confidential Information during the resolution of the Designating Party's efforts to obtain a protective order or other protection limiting disclosure.  However, the party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Designating Party to do so.

9. <u>Non-Party Use of This Protective Order</u>.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or

7

information in the same manner as a party, subject to the limits placed on the designation of Confidential Information in this Protective Order, and shall receive the same level of protection under this Order as any party to this lawsuit. A non-party's use of this Protective Order to protect its Confidential Information does not entitle that non-party access to Confidential Information produced by any party in this case.

       10.    <u>Termination of the Litigation</u>. Within fourteen (14) days of the termination of the Litigation in any manner, including but not limited to, a final judgment after appeal (if any) or by a settlement, each Qualified Person shall upon request return all Confidential Information to the Designating Party or the Designating Party's counsel, along with all copies thereof in his, her, or its possession, custody or control, and shall certify in writing that all such Confidential Information and copies have been returned. As an alternative, each Qualified Person may upon request destroy all Confidential Information, and all copies and/or summaries of Confidential Information, including notes or other memoranda or writings regarding the contents of such Confidential Information. Each Qualified Person shall thereupon provide the Designating Party's counsel with a written certification that, to the best of his, her, or its knowledge and information, all such Confidential Information has been destroyed. However, the foregoing obligations shall not extend to any Confidential Information embodied in materials protected by the attorney/client privilege or the work product doctrine, and counsel for each party in this Litigation may retain one copy of any and all items constituting Confidential Information for purposes of any possible future dispute over alleged violation of this Order or over any agreement, decision, decree or order of judgment disposing of all or part of the Litigation.

11. <u>Effect of Order</u>.  Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in the Litigation.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.  This Order shall not prevent any of the parties from applying to the Court for relief herefrom or from other Orders, or from agreeing between themselves to a modification of this Order, subject to the approval of the Court.

12. <u>Jurisdiction of Court</u>.  Each Qualified Person agrees that this Court shall have, and shall retain after this action is terminated, jurisdiction over it and them for the purpose of enforcing this Order.

13. <u>Breach</u>.  Any breach of the provisions of this Order may subject the breaching party to an injunction, damages, attorneys' fees and costs, or such other sanctions which, in the discretion of the Court, are necessary to ensure compliance with this Order, as within or authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

14. <u>Effective Date</u>.  This Order is effective immediately upon execution by the parties' respective counsel in this Litigation.

SO ORDERED on this _____ day of _____, 2022.

BY THE COURT:

_____
United States Magistrate Judge

9

SO STIPULATED on this 18th day of October, 2022.

*/s/ Janeen Carlberg*  
**Janeen Carlberg**  
Law Offices of Janeen Carlberg  
1912 N. Broadway, Suite 106  
Santa Ana, CA 92706  
Tel: (714) 665-1900  
Email: jcarlberg@lawfirmoc.com  
[

*Attorneys for Plaintiffs*

*/s/ Jason Rottner*  
**Jason Rottner**  
Jonathan D. Parente  
Alston & Bird, LLP  
1201 West Peachtree Street  
Atlanta, Georgia 30309-3424  
Telephone: (404) 881-4527  
E-mail: jason.rottner@alston.com  
jonathan.parente@alston.com

Christopher H. Toll  
Alexandria E. Pierce  
HOLLAND & HART LLP  
555 17th Street, Ste. 3200  
Denver, Colorado 80202  
Telephone: (303) 295-8000  
E-mail:ctoll@hollandhart.com  
aepierce@hollandhart.com

*Attorneys for Defendants Wata, Inc. and Collectors Universe, Inc.*

# EXHIBIT A

I have read the Stipulated Protective Order Regarding Confidential Information (the "Order") entered in the case entitled *Jacob Knight et al. v. Wata Inc. et. al*, Civil Action No. 1:22-cv-01873-DDD-KLM, a copy of which is annexed hereto, and I understand the terms thereof. In consideration of the disclosure to me of Confidential Information, as defined in the Order, I hereby agree to keep all such Confidential Information in confidence and not to disclose such Confidential Information to any other persons, and not to use such Confidential Information for any purpose other than the above-referenced civil action, except as permitted by the terms of the Order, and I agree to be otherwise bound by the terms, and subject to the Court's enforcement of, the Order.

Dated: _____

_____
(Signature)

_____
(Printed Name)

State relationship to or interest in this action:

_____

_____

_____