IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01873-DDD (KLM)

JACOB KNIGHT, JACK CRIBBS, JASON DOHSE, individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

WATA INC., COLLECTORS UNIVERSE, INC.,

Defendants.

*See Pre-Scheduling Conf.
Order at # 44*

## SCHEDULING ORDER

1. **DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

    *Date of Conference*:                                September 26, 2022

    *Appearances of Counsel*:

| Attorney for Defendants Wata, Inc. and Collectors Universe, Inc.: | Attorney for Plaintiffs: |
|---|---|
| Jason Rottner<br>ALSTON & BIRD<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>(404) 881-4527<br>Jason.Rottner@alston.com | Janeen Carlberg<br>LAW OFFICES OF JANEEN CARLBERG<br>1912 N. Broadway, Suite 106<br>Santa Ana, CA 92706<br>(714) 665-1900<br>jcarlberg@lawfirmoc.com |

1

2.  **STATEMENT OF JURISDICTION**

The Court has subject matter jurisdiction over the state law claims alleged in this Complaint pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2)(A) because: (i) the matter in controversy allegedly exceeds the sum of $5 million, exclusive of interest and costs; (ii) some of the would-be class members are citizens of a state that is different from the citizenship of Defendants; and (iii) the number of would-be class members is greater than 100.

Plaintiffs also contend this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 and federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs have alleged the violation of a federal statute (civil RICO). Plaintiffs also contend that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.  **STATEMENT OF CLAIMS AND DEFENSES**

*Plaintiffs' Summary of Claims.*

This is a putative class action matter wherein Named Plaintiffs are customers from various states in the United States who paid Defendants to have collectible retro video games encapsulated and graded. Wata, Inc. ("Wata") is a company that grades video games. From the beginning of the class period on May 10, 2019 until mid-2021, Wata was a Colorado corporation that operated out of Denver. In mid-2021, Wata was purchased by Collectors Universe, Inc. ("Collectors Universe"), a Delaware corporation with its principal place of business in Santa Ana, California. After the Collectors Universe purchase, all of Wata's operations were relocated to California. Both Defendants are currently conducting business in California and have no operations in Colorado. The proposed class period runs from May 10, 2019 through the present. The number of transactions in issue are estimated to be in excess of 70,000 with an estimated average sale of $80 per game, putting the amount in issue at $5.6M.

Plaintiffs maintain that Defendants and other third parties not named as defendants in this action engaged in RICO activities and a pattern of false advertising. Plaintiffs allege Wata and third parties engaged in RICO activities designed to mislead the public and artificially run up the prices of retro video games and then profited off the price run up. Plaintiffs allege that Defendants knowingly advertised false turnaround times. As part of its online transactions with customers, Defendants specifically required customers to pick a service tier from four options, with more expensive service tiers costing additional money. Defendants failed to come remotely close to meeting the turnaround times customers were paying for, sometimes retaining property and failing to provide service for over a year longer than advertised. As such, Plaintiffs maintain Defendants engaging in false advertising, making false statements about the turnaround times for grading services and failing to disclose material delays to customers.

Plaintiffs and putative class members are Wata and Collectors Universe customers across the United States who paid for video game "encapsulation" and grading services from Wata and Collectors Universe. The claims asserted in this Complaint are as follows: 1) RICO (18 U.S.C. § 1962(c)); 2) Unfair Competition Law (Cal. Bus. & Prof. §17200); 3) False Advertising (Cal. Bus. & Prof. §17500); 4) Intentional Misrepresentation; 5) Nondisclosure; 6) Consumers Legal Remedies Act (Cal. Civ. Code §1770); 7) Breach of Contract; 8) Breach of Duty of Good Faith and Fair Dealing; and 9) Colorado Consumer Protection Act (C.R.S. § 6-1-101, et seq.).

***Defendants' Summary of Defenses.***

Defendants deny Plaintiffs' allegations and dispute their alleged damages. Wata did not commit fraud, make any actionable misrepresentations regarding turnaround estimates, breach any contract with Plaintiffs, or violate any applicable state unfair trade practice or consumer protection law. Wata did not knowingly misrepresent the turnaround "estimates" on its website. Wata made

a good faith effort to estimate the turnaround times for its grading services in a dynamic market. Even if Wata did not meet those *estimated* turnaround times, that alone cannot support fraud and fraud-based consumer protection claims.

Plaintiffs' RICO claim is reckless and baseless. Wata did not manipulate the market for video game grading services. Wata and its executives did not form an enterprise with Heritage Auctions or its executives, nor did those individuals conspire to inflate the video game market. Wata promoting its grading services, or its founder promoting the video game collection hobby he loves, is not wire or mail fraud. As detailed in Wata's pending Motion to Dismiss, Plaintiffs' RICO claim should be dismissed with prejudice.

Finally, Collectors Universe has no business being roped into this dispute. Collectors Universe is Wata's parent company, and it did not engage in any transaction with Plaintiffs or make any of the alleged misrepresentations underlying Plaintiffs' various causes of action. Collectors Universe should be dismissed from this case regardless of whether any claims against Wata are allowed to proceed past the motion to dismiss stage.

## 4.  UNDISPUTED FACTS

The case is in its early stages and the parties have not yet engaged in discovery. The parties have endeavored to stipulate to certain facts, but they will more likely be in a position to stipulate to undisputed facts at the summary judgment stage.

Preliminarily, the parties are able to state the following facts are undisputed:

1. Collectors Universe is a Delaware corporation with its principal place of business in Santa Ana, California.
2. Deniz Khan is the President and Co-Founder of Wata.
3. Wata provides video game grading and encapsulation services to customers.

4. Wata's services are engaged by customers through purchases made via Wata's website.

5. Plaintiffs (and putative class members) affirmatively clicked a button that said "I agree with Wata Services Agreement" before completing their purchases for Wata's goods and services.

## 5. COMPUTATION OF DAMAGES

*Plaintiffs' Statement on Their Computation of Damages.*

Plaintiffs contend that a computation of damages on a classwide basis is not possible at this time as Plaintiffs do not possess integral information. Such as the number of orders processed by Wata during the relevant time period, the amount of the orders or how many orders failed to comply with stated turnaround times.

With respect to the California claims, misrepresentation claims and breach of contract claims, Plaintiffs maintain a proper of measure of damages is a refund of all costs associated with the purchase of elevated service levels when Wata and Collectors Universe failed to meet projected turnaround times and 50% of all fees charged in excess of the $35.00 minimum charges for grading services. California CLRA claims allow for a $1,000 statutory minimum damages assessment for each deceptive act.

With respect to restitution claims, Plaintiffs maintain that Defendants' profits made on each sale that did not meet the projected turnaround time is a proper measure of damages. However, Plaintiffs do not presently know the number of orders in issue, the amounts charged to customers or whether any orders met the advertised turnaround times. On a classwide basis, if Defendants were unable to meet the turnaround times for all orders, then Wata should forfeit all profits on all orders.

With respect to the RICO claim, the claim includes the false advertising allegations. Plaintiffs request damages for treble damages, costs of suit and reasonable attorney's fees. Additionally, Plaintiff has alleged claims of unfair business practices which artificially inflated the price of games. Plaintiffs assert that expert testimony will be necessary to properly value such claims. The inflated prices were a component of what was charged to customers. Presently, Plaintiffs contend that they are unable to state a calculation of such damages given that expert analysis will be required much information is not yet known.

***Defendants' Statement on Plaintiffs' Computation of Damages.***

Defendants dispute Plaintiffs' entitlement to any damages at all. Defendants also do not understand Plaintiffs' methodology for calculating damages and, in any event, dispute the appropriateness and reliability of that methodology.

[handwritten annotation: "That is a subject for discovery"]

**6.    REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.    ***Date of Rule 26(f) meeting.***

The Rule 26(f) meeting was held on September 26, 2022.

b.    ***Names of Each Participate and Party Represented.***

The participants were Janeen Carlberg representing the Plaintiffs and Jason Rottner representing the Defendants.

c.    ***Statement as to When Rule 26(a)(1) Disclosures Were Made.***

Pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's August 29, 2022 Minute Order (Dkt. No. 46), the parties exchanged initial disclosures on October 11, 2022.

d.    ***Proposed Changes to Initial Disclosures.***

No changes are proposed to Fed. R. Civ. P. 26(a)(1).

LEGAL02/42202899v4

  e. ***Statement Concerning Any Agreements to Conduct Informal Discovery.***

  The parties do not agree to informal discovery exchanges. Rather, the parties have a professional working relationship and prefer to apply the discovery rules of the Federal Rules of Civil Procedure.

  f. ***Statement Concerning Any Other Agreements to Reduce Discovery and Other Litigation Costs, Including the Use of a Unified Exhibit Numbering System.***

  Defendants currently have two motions to dismiss pending. The outcome of those motions may impact the scope of discovery. The parties have agreed to meet and confer in the future should the Court's rulings on those motions impact the scope of discovery in this case. In the meantime, the parties have committed to engage cooperatively to streamline and limit discovery.

  The parties will serve their first round of written discovery no later than December 30, 2022.

  The parties also agree that the last day for the parties to propound written discovery will be three months before the close of fact discovery, which would be June 29, 2023 if the Court enters the stipulated scheduled outlined in Section 9 below.

  The parties also agree to use a unified exhibit system using numerical for deposition exhibits.

  As of the drafting of this Joint Report, the parties are conferring regarding a stipulated protective order.

  g. ***Statement Regarding Electronically Stored Information.***

  The parties agree that the claims and defenses in this case likely involve the production of a limited amount of electronically-stored information ("ESI"). However, extensive ESI discovery protocols are not believed to be required at this point. Wata has identified the manner in which its electronic purchase and customer data is stored and the software used to store such information.

Plaintiff has agreed to propose particularized queries to facilitate the production of data from that database, after serving formal discovery requests for that data. Wata agrees to meet and confer with Plaintiffs regarding the scope and structure of those queries. The parties have also agreed to meet and confer as necessary to ensure the data from that database is produced in a usable format.

### h.   *Statement Summarizing Discussions Regarding Settlement.*

The parties addressed the topic of settlement at the Rule 26 meeting and determined that neither party is in a position to engage in settlement discussions at this time.

### 7.   CONSENT

All parties have *not* consented to the exercise of jurisdiction of a magistrate judge.

### 8.   DISCOVERY LIMITATIONS

#### a.   *Modifications to Presumptive Numbers of Depositions and Interrogatories.*

##### i.   Depositions

The parties agree to abide by the 10-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) and to meet and confer in good faith if additional depositions are deemed necessary by any party.

##### ii.   Interrogatories

[handwritten: Up to 50 Rogs per side. No duplicative rogs.]

~~The parties disagree as to whether the Court should modify the 25-interrogatory limit in Fed. R. Civ. P. 33(a).~~

~~Plaintiffs' position is that this is a case where there are class issues to consider that may involve thousands of plaintiffs and thousands of transactions. Given the complexity of the matter, Plaintiffs propose that the parties modify the FRCP rules to allow for 50 Interrogatories.~~

~~Defendants contend that there is no good cause to expand the number of interrogatories permitted in Rule 33. This case does not involve overly-complex factual issues, it involves a relatively short time period (three years), and Wata is a relatively small company in terms of~~

employees and functions. If the parties are working to efficiently litigate this case, they should easily be able to limit themselves to 25 interrogatories.

### b. Limitations Which Any Party Proposes on the Length of Depositions.

The parties agree to abide by the 1 day (7 hour) limitation contained in Fed. R. Civ. P. 30(d)(1) and to meet and confer in good faith if additional time is requested.

### c. Limitations Which Any Party Proposes on the Number of Requests for Production and/or Requests for Admission.

The parties disagree as to whether there should be a presumptive limit on the number of requests for production and requests for admission.

Plaintiff's position is that this is a case where there are class issues to consider which may involve thousands of plaintiffs and thousands of transactions. Given the complexity of the matter, Plaintiffs propose that the parties modify the FRCP rules to allow for 50 requests for production and requests for admission. Plaintiffs note that Defendants have estimated that it will take an entire day to depose each Named Plaintiff while simultaneous arguing that the scope of the matter is limited where written discovery is concerned. The positions are inconsistent. Plaintiffs will be deprived of a proper opportunity to discover essential information if only 25 requests for production are permitted.

Defendants contend that 25 requests for production and 25 requests for admission are more than sufficient for this case. Again, the issue in this case is narrow: whether Wata returned video games within the estimated turnaround estimates, and what is the legal import if it did not do so. The parties should be more than capable of crafting a small number of tailored discovery requests to drive at that issue. Defendants' counsel finds that, if parties are permitted a large number of discovery requests (as Plaintiffs request) parties are more inclined to serve tangential and unnecessary discovery or, worse, discovery that is intended primarily to harass their opponents.

While Defendants and Plaintiffs have worked professionally and cordially thus far in this case, ~~reasonable limitations on discovery will help focus~~ all parties on the most important issues and prevent ~~unnecessary burdens~~ and expenses during discovery.[1]

### d. Other Planning or Discovery Orders.

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.

The parties have a dispute regarding whether RICO discovery should proceed while Wata's Motion to Dismiss remains pending:

- Plaintiffs contend that discovery should proceed on all claims. Plaintiffs note that no discovery has yet been served by either party and the parties do not presently know the court's ruling on Defendants' pending motions to dismiss. It is conceivable that pleading issues may continue to be contested yet discovery may still be appropriate. As such, Plaintiffs maintain any proposed limitation on discovery is completely inappropriate and would serve to unfairly favor Defendants.

- Defendants contend that, because RICO discovery is burdensome, implicates non-parties, and is factually distinct from the rest of Plaintiffs' claims, discovery on Plaintiffs' RICO claim should only take place if and when the Court allows that claim to proceed past the pleading

[handwritten margin note: ORDERED: Any request to stay any portion of discovery shall be made by filing a written motion.]

---

[1] Defendants' estimate that it may take 7 hours to depose the named Plaintiffs is neither unreasonable nor a commentary on the scope of discovery in this case. Defendants know precious little about the named Plaintiffs at this point. Defendants simply do not want to promise to take a short deposition, only to find out that Plaintiffs—purported hobbyists and resellers of video games—know a great deal of information that needs to be explored at their depositions.

stage. If Plaintiffs' RICO claim is dismissed and any of their other claims proceed, this case will more narrowly focus on Wata's turnaround estimates—and not Plaintiffs' fanciful theories about market manipulation and a conspiracy with third-party Heritage Auctions. Precluding discovery on Plaintiffs' RICO claim will not unfairly prejudice Plaintiffs. In the meantime, the case will progress because Plaintiffs can proceed with discovery on their non-RICO claims (unless, of course, the Court grants Wata's Motion to Dismiss in full). And, if the Court ultimately allows Plaintiffs' RICO claim to proceed, the parties can conduct discovery on that claim at that point.

9.   **JOINTLY- PROPOSED CASE PLAN AND SCHEDULE**

The parties jointly propose that the Court enter the following case schedule.

| EVENT | DEADLINE |
|---|---|
| Deadline for joinder and amendment of pleadings[2] | January 13, 2023 |
| Deadline to serve final written discovery requests | June 29, 2023 |
| Fact discovery cutoff | September 29, 2023 |
| Plaintiffs' Expert Reports[3] | October 6, 2023 |
| Defendants' Expert Reports | November 3, 2023 |
| Dispositive *and* class certification motion cutoff | December 11, 2023 |

---

[2] Defendants have moved to dismiss Plaintiffs' Second Amended Complaint with prejudice. Defendants therefore reserve the right to object to any attempt by Plaintiffs to amend the complaint or add new parties, whether before this deadline or otherwise.

[3] Plaintiffs' experts will be deposed after disclosure of their reports and before Defendants' expert reports are due. Defendants' experts will be deposed after disclosure of their reports.

LEGAL02/42202899v4

The parties identify the following individuals who, at this time, they anticipate deposing in this case.

Plaintiffs identify the following potential deponents:

| INTENDED DEPONENT | ESTIMATED LENGTH |
|---|---|
| Wata (30(b)(6)) | 7 hours |
| Collectors Universe (30(b)(6)) | 7 hours |
| Deniz Khan | 7 hours |
| Kenneth Thrower | 4 hours |

Defendants identify the following potential deponents:

| INTENDED DEPONENT | ESTIMATED LENGTH |
|---|---|
| Plaintiff Jacob Knight | 7 hours |
| Plaintiff Jack Cribbs | 7 hours |
| Plaintiff Jason Dohse | 7 hours |

10. **DATES FOR FURTHER CONFERENCES**

   a. *Status Conferences.* shall be held as needed.

   The parties are working together professionally and agreeably. As such, the parties do not anticipate the need for further status conferences, other than the Final Pretrial Conference.

   b. *Final Pretrial Conference.* shall be held on a date TBD by Judge Domenico.

   The parties suggest that they revisit setting a date for a Final Pretrial Conference at some point after they have briefed their class certification and dispositive motions. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the Final Pretrial Conference.

11.     **OTHER SCHEDULING MATTERS**

      a.     *Identification of Unresolved Issues.*

The parties were unable to agree on modifications to certain discovery limitations. (*See* Section 8 above). The parties are uncertain as to how long a trial in this case would last, and the length of trial depends on the Court's motion to dismiss, class certification, and summary judgment rulings. In any event, the parties provide their respective estimates immediately below.

      b.     *Anticipated Length and Nature of Trial.*

Plaintiffs estimate a jury trial to last 3 weeks.

Defendants estimate a jury trial to last 2 weeks.

      c.     *Identification of Pretrial Proceedings Amenable to Other Locations.*

The parties do not believe that it would be efficient or economical to conduct any pretrial proceedings at other facilities in this matter.

12.     **NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

13. **AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 25th day of October, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| Attorney for Plaintiffs: | Attorney for Defendants: |
|---|---|
| */s/ Janeen Carlberg* | */s/ Jason Rottner* |
| JANEEN CARLBERG | JASON ROTTNER |
| LAW OFFICES OF JANEEN CARLBERG | ALSTON & BIRD |
| 1912 N. Broadway, Suite 106 | 1201 West Peachtree Street |
| Santa Ana, CA 92706 | Atlanta, GA 30309 |
| (714) 665-1900 | (404) 881-4527 |
| jcarlberg@lawfirmoc.com | jason.rottner@alston.com |

14

LEGAL02/42202899v4